**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED REFINING COMPANY | ) | |
| INCENTIVE SAVINGS PLAN FOR | ) | Civil Action No. 12-238 Erie |
| HOURLY EMPLOYEES and ROBERT | ) | |
| KAEMMERER, in his capacity as Plan | ) | |
| ADMINISTRATOR, | ) | |
| Plaintiffs | ) | |
| | ) | District Judge Fischer |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| DALLAS Q. MORRISON, an individual, | ) | |
| and MARK WILLIAM PRATT, an | ) | |
| individual, | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that Plaintiffs' motion for costs and attorney's fees [ECF No. 10], as supplemented by declaration [ECF No. 29] be granted in part and denied in part as follows:  Plaintiff's attorney's fees for Attorney Rillo should be awarded in the amount of $ 2,725.00; Plaintiff's attorney's fees for their local counsel, MIJB, should be awarded in the amount of $ 2,952.00; and costs should be reimbursed in the amount of $399.75. Plaintiffs' request for fees and costs in excess of these amounts should be denied.

**II.     REPORT**

**A.     Relevant Procedural and Factual History**

On October 2, 2012, Plaintiffs United Refining Company Incentive Savings Plan for Hourly Employees ("the Plan") and Robert Kaemmerer, in his capacity as Plan Administrator ("Kaemmerer"), initiated this interpleader action to resolve a dispute as to the beneficial rights to the account of James Jacobs ("Jacobs"), a Plan participant who died on October 2, 2009. The vested balance of the account is approximately $102,959.00. The competing claimants are Dallas

Q. Morrison ("Morrison"), a former neighbor and friend of Jacobs, and Mark William Pratt ("Pratt"), Jacobs' nephew, both of whom are named as Defendants in this action.

Plaintiffs were dismissed from this case following a case management conference held by the Court on March 18, 2013. On April 8, 2013, Plaintiffs filed a motion for attorney's fees and costs in the total amount of $24,796.07 to be assessed against the account at stake in this action [ECF No. 10]. This motion was subsequently amended by declaration of Plaintiffs' attorney, Christopher J. Rillo ("Rillo"), to correct a mathematical error, which reduced the total amount of fees and costs to $24,396.07 [ECF No. 29]. Each Defendant filed a response to Plaintiffs' motion [ECF Nos. 32 and 36, respectively] opposing any award of fees and costs to Plaintiffs' counsel. Plaintiffs subsequently filed a reply to Defendants' responses [ECF No. 37], and thereafter filed a second declaration of Attorney Rillo requesting that Plaintiffs' attorney's fee request be increased by $2,000.00 to reflect the time invested in preparing the reply [ECF No. 38].

In the meantime, Defendants filed cross motions for summary judgment to resolve the ultimate issue before the Court [ECF Nos. 15, 33]. An oral argument on Defendants' motions was held before the Honorable Nora Barry Fischer on November 18, 2013, after which Judge Fischer issued an Order entering judgment in favor of Defendant Pratt and against Defendant Morrison with respect to all right, title and interest as beneficiary of Jacobs' Plan account [ECF No. 40]. Plaintiffs' outstanding motion for attorney's fees and costs [ECF No. 10], as amended, has now been referred to the undersigned for Report and Recommendation.

## B. Discussion

### 1. Entitlement to Attorney's Fees and Costs in Interpleader

Neither the interpleader statute nor Rule 22 of the Federal Rules of Civil Procedure provides for the award of attorney's fees or costs to the stakeholder in an interpleader proceeding. *See* 4 James Wm. Moore, et al., *Moore's Federal Practice* §22.06, at 22-96 (Matthew Bender 3d ed. 2002); 7 Charles Allen Wright, et al., *Federal Practice and Procedure*: Civil §1719 (3d ed.

2001). Nonetheless, "[d]espite the lack of explicit statutory authorization, 'modern federal practice follows the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover attorney's fees and costs from the stake itself.'" *First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005), *quoting* 4 Moore's Federal Practice, §22.06, at 22-98 to 22-99 & n. 4 (3d ed. 2002)).

Equitable principles favor an award of attorney's fees where the interpleading party is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metropolitan Life Ins. Co. v. Kubichek*, 83 Fed. Appx. 425, 431 (3d Cir. 2003) (citations omitted). In this case, all four of these equitable considerations are satisfied. Thus, the Court concludes that Plaintiffs are entitled to an equitable award of attorney's fees and costs in this matter.

### 2. Reasonableness of Requested Fees

One of the reasons justifying an award of a stakeholder's attorney's fees in an interpleader action are that such fees are generally recognized as being relatively modest, since all that is necessary to bring an interpleader action is the preparation of a petition, the deposit of the contested funds into the court, service on the claimants, and the preparation of an order discharging the stakeholder from the suit. 7 Charles A. Wright, Arthur Miller & Mary K. Kane, *Federal Practice and Procedure* §1719 (3d ed. 2001). *See also In re Mandalay Shores Co-op. Housing Ass'n, Inc.,* 21 F.3d 380, 383 (11th Cir. 1994) (finding that a stakeholder's attorney's fees are generally justified in interpleader because "fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset"). This long held justification

is most aptly captured by the Eleventh Circuit Court in *Hunter v. Federal Life Ins. Co.*, 111 F.2d

551, 557 (8th Cir. 1940):

> The remedy of interpleader should, of course, be a simple, speedy,
> efficient and economical remedy. Under ordinary circumstances there
> would be no justification for seriously depleting the fund deposited in
> court by a stakeholder through the allowance of large fees to his counsel.
> The institution of a suit in interpleader, including the depositing of the
> fund in the registry of the court and the procuring of an order for discharge
> of the stakeholder from further liability, does not usually involve any great
> amount of skill, labor or responsibility and, while a completely
> disinterested stakeholder should not ordinarily be out of pocket for the
> necessary expenses and attorney's fees incurred by him, the amount should
> be modest.

With the foregoing principles in mind, the Court turns to Plaintiffs' motion for attorney's

fees and costs in this matter. The total amount of fees and costs sought to be recovered by

Plaintiffs is $26,396.07[1], broken down as follows: (1) attorney's fees for Attorney Rillo in the

amount of $19,000.00; (2) attorney's fees for Plaintiffs' local counsel, MacDonald Illig Jones &

Britton LLP ("MIJB"), in the amount of $2,952.00; and (3) costs and expenses in the amount of

$4,444.07. The total fees and expenses sought by Plaintiffs amounts to approximately 25% of the

beneficial interest at stake and would significantly diminish Defendant Pratt's interest in the

Plan's assets. The Court finds no justification for awarding such a large amount. Thus, a closer

look is warranted.

"The appropriate starting point in determining whether a fee request is reasonable is

calculating the lodestar, that is, 'the number of hours reasonably expended on the litigation

---

[1]

This amount includes the additional $2,000.00 in attorney's fees requested in Attorney Rillo's second declaration
ECF No. 38].

multiplied by a reasonable hourly rate.'" *Chaney v. HVL, LLC*, 2012 WL 5990124 at *1

(W.D.Pa. Nov. 30, 2012), *quoting Washington v. Philadelphia County Court of Common Pleas*,

89 F.3d 1031, 1035 (3d Cir. 1996) (quotation omitted). The reasonableness of the rate is

determined according to the prevailing rate in the community. *Potence v. Hazleton Area School*

*District*, 357 F.3d 366, 374 (3d Cir. 2004). "The party seeking the fee award has the burden of

presenting evidence of sufficient specificity to establish that the fees it has requested are

reasonable." *Chaney* at *1, *citing Holmes*, 205 F.3d at 594-95. This burden is ordinarily

addressed by affidavits prepared by the moving attorney, as well as other attorneys in the relevant

legal community having similar expertise and experience. *Evans v. Port Auth. of N.Y.*, 273 F.3d

346, 360-61 (3d Cir. 2001) (noting that the burden of establishing a *prima facie* case includes

evidence of a reasonable market rate and references to billing rates charged by attorneys of

equivalent skill and experience with cases of similar complexity).

Here, Attorney Rillo has requested to be compensated at the rate of $500.00 an hour for

his services in this matter.[2] In support of this request, Attorney Rillo has merely submitted his

own declaration stating that his rate is "fair and reasonable for an attorney of [his] experience and

skill level and the rate structure of the legal community." (ECF No. 22 at ¶ 2). This statement is

unsupported by additional affidavits from attorneys within the relevant legal community having

comparable expertise and experience as Attorney Rillo. In fact, the Court is unable to ascertain

the level of expertise and experience possessed by Attorney Rillo, as he merely declares that he

---

2

The rates charged by Plaintiffs' local attorneys are not at issue before this Court, as they are unopposed by
Defendants.

"specialize[s] in employee benefit disputes," with no indication of his years of experience. Thus, Attorney Rillo has failed to carry his burden of establishing that the requested rate of $500.00 an hour is reasonable. As a result, the Court has discretion to determine a reasonable billing rate. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). To do so, the Court makes reference to the billing statements submitted by Plaintiffs' local counsel, which disclose a rate of $240.00 an hour for its most senior attorney, J.W. Draskovic, Esquire (ECF No. 29-1 at p. 6). Giving credence to Attorney Rillo's claimed expertise, the Court finds an hourly rate of $250.00 to be reasonable and appropriate, especially in light of the unsophisticated nature of an interpleader action.

Having determined a reasonable billing rate for Attorney Rillo's services, the Court now must determine the reasonableness of the hours expended. In doing so, the court must exclude "excessive, redundant or otherwise unnecessary" hours. *Holmes ex rel. Holmes v. Millcreek Twp. School District*, 205 F.3d 583, 595 (3d Cir. 2000), *quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

According to his declarations, Attorney Rillo has billed a total of 36 hours in this matter (*see* ECF Nos. 22 and 39). Of this total, 13.5 hours were spent preparing a summary judgment motion that was never filed in this case and was ultimately proved unnecessary, as Plaintiffs were summarily dismissed from this action following the case management conference of March 18, 2013. Thus, none of the hours expended on preparing the unfiled summary judgment motion are justifiable. Furthermore, 12 hours were spent traveling from San Francisco, California to Erie, Pennsylvania to attend a case management conference that Attorney Rillo was not required to attend in person. In fact, the Preliminary Scheduling Order entered in this case explicitly stated in

bold type that counsel outside the Western Districts of Pennsylvania and New York and the

Northern District of Ohio "may participate by telephone" [ECF No. 6]. Attorney Rillo's personal

decision to travel to Erie, Pennsylvania to attend this conference, despite his ability to do so by

phone, not to mention the availability of local counsel, renders the hours expended to do so

unreasonable. Nonetheless, the court finds that one hour of Attorney Rillo's time attending the

conference should be compensable, since he would have devoted the same amount of time had he

participated by telephone. Finally, Attorney Rillo's addition of four billable hours for preparation

of a reply to Defendants' responses to his fee motion is both unwarranted and unreasonable.

Based on the foregoing, the Court finds that Attorney Rillo reasonable expended 9.5

hours on this matter which, when multiplied by the reasonable hourly rate of $250.00, renders an

attorney's fee of $2,375.00 that should be awarded to Attorney Rillo. Since there has been no

objection raised to the attorney's fees of $2,952.00 sought by Plaintiffs' local counsel, MIJB,

such fees should also be awarded. *See Loughner*, 260 F.3d at 178 ("district court cannot decrease

a fee award based on factors not raised at all by the adverse party")(citations and internal

quotations omitted).

Finally, as to the costs and expenses requested, the Court finds no justification for

Attorney Rillo's travel expenses of $4,044.32 related to his trip to Erie, Pennsylvania for the case

management conference of March 18, 2013, for the reasons previously cited with regard to his

related attorney's fees. The remaining costs of $399.75 are deemed reasonable.


### III     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiffs' motion for costs

and attorney's fees [ECF No. 10], as supplemented by declaration [ECF No. 29] be granted in part and denied in part as follows:  Plaintiff's attorney's fees for Attorney Rillo should be awarded in the amount of $ 2,725.00; Plaintiff's attorney's fees for their local counsel, MIJB, should be awarded in the amount of $ 2,952.00; and costs should be reimbursed in the amount of $399.75. Plaintiffs' request for fees and costs in excess of these amounts should be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).


s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated:  December 23, 2013

cc:      The Honorable Nora Barry Fischer
         United States District Judge